IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS RETIREMENT SAVINGS FUND, SOUTHERN REGION OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION AND DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING AND ASSISTANCE FUND, UNITED BROTHERHOOD OF CARPENTERS, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICE TRAINING FUND, and CARPENTERS PENSION FUND OF ILLINOIS, | |
| Plaintiffs, | |
| v. | Case No. |
| ENGLISH BROTHERS CO., | |
| Defendant. | |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, *et al.*, by their attorneys, Cavanagh & O'Hara LLP, complaining of Defendant, ENGLISH BROTHERS CO., and for their Complaint, allege as follows:

# COUNT I:

**Delinquent Contributions on behalf of the Central Illinois Carpenters Health & Welfare Fund, Central Illinois Retirement Savings Fund, Southern Region of the Chicago Regional Council of Carpenters, Central Illinois Builders, Carpenters International Training Fund, Carpenters Labor Management Education and Development Fund, Mid-Central Illinois Regional Council of Carpenters Promotions Fund, Mid-Central Illinois Carpenters Joint Labor Management Substance Abuse Testing and Assistance Fund, United Brotherhood of Carpenters, and Mid-Central Illinois Regional Council of Carpenters – Joint Apprentice Training Fund.**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Defendant, English Brothers Co., maintains its principal place of business in Champaign, Illinois, which is located within the venue of the Champaign Division of the District Court for the Central District of Illinois.

5. Plaintiff, Central Illinois Carpenters Health & Welfare Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust. A copy of the pertinent provisions of the trust agreements for Plaintiff, Central Illinois Carpenters Health & Welfare Fund, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff, Central Illinois Carpenters Health & Welfare Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

7. Plaintiff, Central Illinois Carpenters Health & Welfare Fund, is the collection agent for and authorized to act on behalf of the other named Plaintiffs (save for the Carpenters Pension Fund of Illinois)—which are either employee benefit funds (that are also maintained in accordance with the provisions of the LMRA and ERISA), labor organizations, or labor-management committees and/or funds—in order to collect employer contributions and the other amounts owed to Plaintiffs. A copy of the pertinent provisions of the trust agreement for Plaintiff, Central Illinois Carpenters Retirement Savings Fund, is attached hereto as **Exhibit B** and fully incorporated herein and made a part hereof by this reference.

8. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

9. Defendant is a member of the Central Illinois Builders of the Associated General Contractors and is bound to the Collective Bargaining Agreement Between the Central Illinois Builders of AGC, Greater Peoria Contractors & Suppliers Association, Inc., and the Mid-Central Illinois Regional Council of Carpenters (hereinafter "CBA"). A copy of the CBA is attached hereto as **Exhibit C** and fully incorporated herein and made a part hereof by this reference.

10. Defendant also signed a Memorandum of Agreement, which binds Defendant to the CBA. A copy of the Memorandum of Agreement is attached hereto as **Exhibit D** and fully incorporated herein and made a part hereof by this reference.

11. Defendant has never terminated the Memorandum of Agreement.

12. Defendant employs individuals who are participants in the Central Illinois Carpenters Health & Welfare Fund pursuant to the CBA.

13. Pursuant to the CBA, Defendant is required to make contributions to Plaintiffs at the rates delineated in said CBA, or as may be increased from time to time pursuant to the applicable wage addenda.

14. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the CBA and Plaintiffs' trust agreements. (*See*, 29 U.S.C. §1145).

15. Under the CBA, Defendant is required to remit contributions by the 15th day of each month. (*See*, pg. 24 of Exhibit C).

16. Defendant employed individuals during the time period of February 2015 through the present, and said individuals performed hours of work and earned gross wages under the CBA for which fringe benefit contributions (were and) are owed to Plaintiffs.

17. Defendant has failed to properly and timely pay Plaintiffs the fringe benefit contributions and other amounts for the hours of work performed.

18. Defendant breached the provisions of the CBA by failing to pay the fringe benefit contributions and other amounts owed to Plaintiffs.

19. Pursuant to Plaintiffs trust agreements, Defendant owes Plaintiffs liquidated damages and interest for failing to properly and timely pay fringe benefit contributions for the hours of work performed. (*See,* Exhibits A & B).

20. Defendant self-reported the hours worked by its employees within the jurisdiction of the Central Illinois Carpenters Health & Welfare Fund for the months of February

2015 through June 2016, but Defendant failed to properly and timely remit all of the required amounts to Plaintiffs for the hours worked during these months.

21. Based upon the remittance report forms submitted by Defendant, Defendant owes Plaintiffs fringe benefit contributions and check-offs in the amount of $163,797.61, less amounts received of $27,088.33, for a total of $136,709.28 in fringe benefit contributions and check-offs. (*See*, breakdown of amounts owed attached hereto and incorporated herein as **Exhibit E**).

22. Defendant also owes Plaintiffs liquidated damages and interest of $36,821.54 due to its failure to properly and timely remit fringe benefit contributions to Plaintiffs. (*See*, Exhibit E).

23. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligation to do so; as a result, Defendant is considered to be delinquent in its obligations to Plaintiffs.

24. Plaintiffs have demanded that Defendant pay Plaintiffs the amounts owed, but Defendant has refused or otherwise failed to pay Plaintiffs the amounts owed.

25. Pursuant to the terms of the trust agreements, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions. (*See*, Exhibits A & B).

26. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions

*      *      *

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS RETIREMENT SAVINGS FUND, SOUTHERN REGION OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION AND DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT

SUBSTANCE ABUSE TESTING AND ASSISTANCE FUND, UNITED BROTHERHOOD OF CARPENTERS, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICE TRAINING FUND, pray as follows:

    A.    For a judgment in favor of Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CENTRAL ILLINOIS RETIREMENT SAVINGS FUND, SOUTHERN REGION OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS, CENTRAL ILLINOIS BUILDERS, CARPENTERS INTERNATIONAL TRAINING FUND, CARPENTERS LABOR MANAGEMENT EDUCATION AND DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONS FUND, MID-CENTRAL ILLINOIS CARPENTERS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING AND ASSISTANCE FUND, UNITED BROTHERHOOD OF CARPENTERS, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICE TRAINING FUND, for all such monies due—including delinquent contributions, check-offs, liquidated damages, interest, and all applicable statutory remedies, for the time period of February 2015 through present—at the time Judgment is rendered;

    B.    Specifically, that Defendant, English Brothers Co., is decreed to pay to Plaintiffs $136,709.28 in fringe benefit contributions and check-offs and $36,821.54 in liquidated damages and interest for a total amount of $173,530.82;

    C.    That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' trust agreements;

    D.    That Defendant be decreed to pay all costs attendant to these proceedings; and

E.  That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT II:

### Delinquent Contribution on behalf of the Carpenters Pension Fund of Illinois

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified as 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

3. Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4. Defendant, English Brothers Co., maintains its principal place of business in Champaign, Illinois, which is located within the venue of the Champaign Division of the District Court for the Central District of Illinois.

5. Plaintiff, Carpenters Pension Fund of Illinois, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a Restated Agreement and Declaration of Trust. A copy of the pertinent provisions of the trust agreement for Plaintiff, Carpenters Pension Fund of Illinois, is attached hereto as **Exhibit F** and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff, Carpenters Pension Fund of Illinois, receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

7. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

8. Defendant is a member of the Central Illinois Builders of the Associated General Contractors and is bound to the Collective Bargaining Agreement Between the Central Illinois Builders of AGC, Greater Peoria Contractors & Suppliers Association, Inc., and the Mid-Central Illinois Regional Council of Carpenters (hereinafter "CBA"). A copy of the CBA is attached hereto as **Exhibit C** and fully incorporated herein and made a part hereof by this reference.

9. Defendant also signed a Memorandum of Agreement, which binds Defendant to the CBA. A copy of the Memorandum of Agreement is attached hereto as **Exhibit D** and fully incorporated herein and made a part hereof by this reference.

10. Defendant has never terminated the Memorandum of Agreement.

11. Defendant employs individuals who are participants in the Carpenters Pension Fund of Illinois pursuant to the CBA.

12. Pursuant to the CBA, Defendant is required to make contributions to Plaintiff at the rates delineated in said CBA, or as may be increased from time to time pursuant to the applicable wage addenda.

13. Pursuant to 29 U.S.C. §1145, Defendant is required to remit contributions in accordance with the terms and conditions of the CBA and Plaintiff's trust agreement. (*See* 29 U.S.C. §1145).

14. Under the CBA, Defendant is required to remit contributions by the 15th day of each month. (*See*, pg. 24 of Exhibit C).

15. Defendant employed individuals during the time period of March 2015 through the present, and said individuals performed hours of work and earned gross wages under the CBA for which fringe benefit contributions (were and) are owed to Plaintiff.

16. Defendant has failed to properly and timely pay Plaintiff the fringe benefit contributions for the hours of work performed.

17. Defendant breached the provisions of the CBA by failing to pay the fringe benefit contributions owed to Plaintiff.

18. Pursuant to Plaintiff's trust agreement, Defendant owes Plaintiff liquidated damages and interest for failing to properly and timely pay fringe benefit contributions for the hours of work performed. (*See,* Exhibits F)

19. Defendant self-reported the hours worked by its employees within the jurisdiction of the Carpenters Pension Fund of Illinois for the months of March 2015 through June 2016, but Defendant failed to properly and timely remit all of the required amounts to Plaintiff for the hours worked during these months.

20. Based upon the remittance report forms submitted by Defendant, Defendant owes Plaintiff fringe benefit contributions in the amount of $154,672.06, less amounts received of $22,129.74, for a total of $132,542.32 in fringe benefit contributions. (*See*, breakdown of amounts owed attached hereto and incorporated herein as **Exhibit G**).

21. Defendant also owes Plaintiff liquidated damages and interest of $22,067.50 due to its failure to properly and timely remit fringe benefit contributions to Plaintiff. (*See*, Exhibit G).

22. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligation to do so; as a result, Defendant is considered to be delinquent in its obligations to Plaintiff.

23. Plaintiff has demanded that Defendant pay Plaintiff the amounts owed, but Defendant has refused or otherwise failed to pay Plaintiff the amounts owed.

24. Pursuant to the terms of the trust agreements, Defendant is liable for reasonable attorney's fees, court costs and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions. (*See*, Exhibit F).

25. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorney's fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*          \*          \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the

        amount determined by the court under subparagraph (A),

   (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff, CARPENTERS PENSION FUND OF ILLINOIS, prays as follows:

   A.    For a judgment in favor of Plaintiff, CARPENTERS PENSION FUND OF ILLINOIS, for all such monies due—including delinquent contributions, liquidated damages, interest, and all applicable statutory remedies, for the time period of March 2015 through present—at the time Judgment is rendered;

   B.    Specifically, that Defendant, ENGLISH BROTHERS CO., is decreed to pay to Plaintiff $132,542.32 in fringe benefit contributions and $22,067.50 in liquidated damages and interest for a total amount of 154,609.82;

   C.    That Defendant be decreed to pay Plaintiff's reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiff's trust agreements;

   D.    That Defendant be decreed to pay all costs attendant to these proceedings; and

   E.    That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

        CENTRAL ILLINOIS CARPENTERS
        HEALTH & WELFARE TRUST FUND, *et al.*, Plaintiffs,

|     |     |
| --- | --- |
| By: | s/ Timothy J. Shrake II |
|     | TIMOTHY J. SHRAKE II |
|     | CAVANAGH & O'HARA LLP |
|     | Attorneys for Plaintiffs |
|     | 2319 W. Jefferson St. |
|     | Springfield, Illinois 62702 |
|     | Telephone: (217) 544-1771 |
|     | Facsimile: (217) 544-9894 |
|     | timshrake@cavanagh-ohara.com |